Tayxor, Chief-Justice,
 

 delivered the opinion of. the Court:
 

 It has been the uniform practice of the Courts of Equity in this State, to make a mortgagee in possession, account for the rents and profits upon a bill filed for redemption. This is a necessary consequence of the principles which prevail in those Courts relative to a mortgage, which is considered only as a security for money lent, and the mortgagee a trustee for the mortgagor. To sanction an opposite doctrine, even in the case of pledges, where the profits exceed the'interest of the money lent, would be to furnish facilities for the evasion of the statute against usury, almost amounting to a repeal of that salutary law. Nothing can come more completely within the legal notion of a pledge, than the slave held by Holliday in the present case $ for by the very terms of the contract, it was so to continue until the money should be paid ; no legal property vesting in Hol-liday, who had only a lien upon it to secure his debt. All the profits, therefore, exceeding the interest of his debt, he received to the Plaintiff’s use, and cannot conscientiously withhold. Wherever a man receives money belonging to another, without any valuable consideration given, the law implies that the person receiving, promised to account for it to the true owlier; and the breach
 
 *114
 
 of such implied undertaking is to be compensated for in tpe present form of action, which is, according to Mr. Jus-^ce j3]ac¡ÍStone, “ a very extensive and beneficial remedy, applicable to almost every case where a person has received money, which
 
 ex cequo et bono,
 
 he ought to refund.” Nor is its application to cases like the present, without authority from direct adjudication : the case of
 
 Ashley
 
 v.
 
 Reynolds, (Strange
 
 915,) furnishes an instance of a man being allowed to receive the surplus which he had paid beyond legal interest, in order to get possession of goods which he had pledged. In principle, the cases are the same : the only thing in which they differ, is, that in the case before us, the money was received by the Defendant from the labour of the pledge
 
 •,
 
 in the other, it was paid by the Sheriff. Let judgment be entered for the Plaintiff.