## GILSON *v.* MARTIN.

### *Pledge. Evidence.*

Defendant received money of plaintiff to secure him for becoming bail for another at plaintiff's request, and gave plaintiff his accountable receipt therefor. Defendant subsequently loaned the money and received interest for its use. *Held,* that he was liable for the interest thus received, and that parol evidence was admissible to show the facts that created his liability.

ASSUMPSIT for interest upon money. pledged. The case was referred, and the referee reported the following facts :

On July 9, 1869, the defendant became bail for the appearance of one Betsey C. Abbott, who had been arrested and put in jail at Middlebury. To indemnify him therefor, the plaintiff then placed in his hands the sum of one thousand dollars in money, .npon which the defendant gave to the plaintiff a paper writing acknowledging receipt of the money, and agreeing to return it when he should be released from all liability by reason of being bail as aforesaid. It was then the expectation of both parties that the suits upon which the arrest was made would soon be settled, or other security furnished, and that the said money would then be returned ; and the defendant said he would take United States bonds, or satisfactory mortgage security, in lieu of the money. Interest on the money was not mentioned, and it was not expected that any would be paid ; and the defendant never made any promise, then or thereafter, in regard to the money, except as above stated. On August 23, 1870, the plaintiff offered the defendant ample mortgage security, and asked him to return the money ; but the defendant did not return it, nor take the security, and he then said the money was loaned. That was the first notice to the plaintiff of that fact, and he then for the first time in terms, claimed interest upon the money. He had, however, on the 18th of the same month, written to the defendant that it was hard for Mrs. Abbott to have the money earn nothing ; that if the defendant had put it where it was drawing interest, it was well ; but that if he had not, the plaintiff would take it, and give him government security in exchange for it, or release him from bail, as he might choose. The money was returned to the plaintiff on December 15, 1873, at which time the suits upon

which the arrest was made were settled. The plaintiff then claimed that defendant should pay interest on the money from the day he received it; but the defendant refused to pay any interest, and claimed that he had never loaned any of the money, and had never received any interest thereon. The evidence in regard to the time when the defendant loaned the money is conflicting, but the referee finds that he loaned it or used it before August 23, 1870, and a short time after he first received it; but that it does not appear precisely when. And, as the defendant makes no precise showing of the time when he first used the money, the referee finds for the plaintiff to recover interest thereon from the end of a reasonable time after the defendant received the money, which time the referee finds not to exceed sixty days, to the time when the money was returned to the plaintiff, and interest on that interest from the latter named date to the first day of the term. when the case is to be heard—which would be $251, interest on $1000 from September 9, 1869, to December 15, 1873, and $44.76, interest on the $251 from the latter named date to December 5, 1876, or in all, $295.76. But if the court adjudge upon the facts that the plaintiff should recover interest only from the time when he first claimed it to the day when the money was returned to the plaintiff, and interest on that interest from the latter named date to the first day of the said term of court, then the referee finds that the interest on $1000 from August 23, 1870, to December 15, 1873, would be $198.67; and that the interest on the last named sum from the last named date to December 5, 1876, would be $35.46; or in all, in this view of the case, $234.13.

The court, at the December Term, 1876, BARRETT, J., presiding, rendered judgment, *pro forma*, on the report for the plaintiff for the smaller sum; to which both parties excepted.

*M. J. Gilman* (*J. W. Rowell* with him), for the plaintiff, cited Story Bailm. ss. 89, 299, 331; 2 Parsons Cont. 111; 2 Kent Com. 578; *Swift* v. *Moseley*, 10 Vt. 208; *Grant* v. *King*, 14 Vt. 367; *Richmond* v. *Collamer*, 38 Vt. 68; *Carroll* v. *Mix*, 8 Am. Law Reg. 59; 5 Am. Law Reg. 383.

*J. J. Wilson*, for the defendant, cited *Abbott* v. *Wilmot*, 22 Vt. 437; *Haswell* v. *Farmers and Mechanics Bank*, 26 Vt. 100; *Brainard* v. *Champlain Transportation Co.* 29 Vt. 156; *Evans* v. *Beckwith*, 37 Vt. 285.

The opinion of the court was delivered by

WHEELER, J. The money deposited with the defendant was in his hands · a pawn or pledge. While he held it as such, he was not chargeable with any interest upon it to be paid by himself, for it was not a debt which the plaintiff forebore to him so as to be entitled to payment for the forbearance. Being a pawnee, he was subject to the liabilities of a pawnee, but not to those of a debtor. In Story Bailm. s. 339, it is laid down that one duty of a pawnee is, to return the pledge and its increments, if any, after the debt or other duty is discharged. Again in s. 343 it is said that " another duty of the pawnee at the common law is, to render a due account of all the income, profits, and advantages derived by him from the pledge, in all cases where such an account is within the scope of the bailment. If, for instance, the pawn is a slave, the profits of his labor are to be accounted for." And in the same section it is stated that some authorities think the pawnee is liable further for all the profits he might have received but for his own negligence. And it is added, that this would doubtless be true in the common law in all cases where there is an implied obligation to employ the pledge at a profit. As, if there is a pledge of money, and it is agreed that it shall be let out at interest by the pawnee, and he neglects his duty. If he lets it out and receives profit, the obligation would doubtless be the same. In 2 Parsons Cont. 111, the rule is stated to be, broadly, that in all cases the pledgee must account for income or profits derived from the pledge. The interest received by the defendant was a profit and an income derived directly from the pledge, and not from any other source. The obligations of the parties were set forth in the receipt given by the defendant to the plaintiff, as they existed at that time, and it would not be permissible, according to the unquestionable rules of evidence, to add to or vary those obligations by parol. But the receipt of this interest by the defendant was not provided for in the written instrument, and was subsequent to it, so that the duty of the defendant in respect to it does not rest upon the provisions of the instrument, nor anything contemporaneous with it; hence, the proof of the facts creating the duty, does not affect the instrument nor violate these rules. He

is not liable for the interest by force of any express obligation, nor of any implied obligation, to pay interest as such. But he is liable for what interest he is found to have actually received, because it is an incident to and increment of the pledge that he is bound to restore to the owner of the pledge as a part of it.

Judgment reversed, and judgment on report for plaintiff for the largest sum.