HARRINGTON, Respondent, *v.* BUTTE & BOSTON MIN-
ING COMPANY ET AL., Appellants.

(No. 2,430.)

(Submitted June 17, 1907. Decided June 24, 1907.)

[90 Pac. 748.]

*Appeal—Scope of Review—Record—New Trial Statement—
Judgment-roll—Administrators—Claims Against Estates—
Admissions—Proof.*

Appeal from Judgment—Scope of Review—Evidence—Sufficiency.
  1.  On an appeal from a judgment in a civil cause, the sufficiency of
  the evidence to support it cannot be reviewed, in the absence of an
  appeal from an order denying appellants a new trial.
Same—Record—Statement on Motion for New Trial.
  2.  Where the record on appeal from a judgment simply showed that
  the statement on motion for a new trial had been settled, but failed to
  disclose that the motion for a new trial had ever been passed upon, the
  statement was not used "on motion for a new trial," within the
  meaning of section 1736 of the Code of Civil Procedure, which pro-
  vides that any statement used on motion for a new trial may also be
  used on appeal from a final judgment, and, therefore, cannot be ex-
  amined to determine whether the evidence is sufficient to support the
  judgment.
New Trial Statement—Judgment-roll.
  3.  Under section 1196 of the Code of Civil Procedure, a statement
  on motion for a new trial is not a part of the judgment-roll.
Administrators—Claims Against Estate—Pleadings—Admissions—Proof.
  4.  Where defendants' answer admitted that a verified claim for the
  amount sued for had been duly presented and disallowed by the ad-
  ministrator of one of the defendants, plaintiff was not required to
  ·prove the presentation and disallowance of his claim, as otherwise
  compelled to do by the provisions of section 2612 of the Code of Civil
  Procedure.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

Action by Phil. J. Harrington against the Butte and Boston
Mining Company and others. From a judgment for plaintiff,
defendants appeal. Affirmed.

*Mr. C. M. Parr,* for Appellants.

*Mr. James E. Healy,* and *Messrs. Maury & Hogevoll,* for Re-
spondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court:

This is the fourth appeal in this case. For a statement of the facts it will be sufficient to refer to the former decisions of this court. (*Harrington* v. *Butte etc. Min. Co.,* 19 Mont. 411, 48 Pac. 758, 27 Mont. 1, 69 Pac. 102, 33 Mont. 330, 114 Am. St. Rep. 821, 83 Pac. 467.) In this instance the plaintiff had judgment in the district court, and from that judgment the defendants have appealed.

The first contention made is that the evidence is insufficient to support the judgment; but this contention cannot be considered. There is not any appeal from an order denying defendants a new trial. Neither does it appear that a motion for a new trial was ever passed upon by the district court. All that does appear is that the statement on motion for a new trial was settled. Section 1736 of the Code of Civil Procedure provides, among other things: "Any statement used on motion for a new trial may be used on appeal from a final judgment equally as upon appeal from the order granting or refusing a new trial." So far as this record discloses, the motion for new trial was never passed upon, and therefore it cannot be said that the statement was used "on motion for a new trial." A statement on motion for a new trial is not a part of the judgment-roll. (Code Civ. Proc., sec. 1196.) These considerations dispose of all questions raised which do not appear upon the judgment-roll itself.

It is urged that the court committed error in giving instruction No. 2; but the only argument advanced against this instruction is that it ignores the provisions of sections 2604 and 2610 of the Code of Civil Procedure. Section 2604 relates to claims against an estate, and section 2610 relates to actions founded upon claims against an estate which have been disallowed by the executor or administrator.

Before this last trial in the district court, John A. Leggat, one of the original defendants, died, and Alexander J. Leggat,

his administrator, was substituted. A supplemental complaint was filed alleging these facts, and also the fact that a verified claim for the amount sued for was duly presented and disallowed by such administrator. An answer to this supplemental complaint was filed, in which these facts are admitted. It is now insisted that, notwithstanding such admissions, it was incumbent upon the plaintiff to prove that such claim was presented and disallowed: that this instruction ignores such fact, and section 2612 of the Code of Civil Procedure is cited in support of this contention. But this section is not susceptible of the construction for which appellants contend.

Counsel must concede that if upon the trial of this case plaintiff had offered to make proof of these facts, and defendants had thereupon in open court admitted them, and such admission had gone into the record, then a sufficient showing would have been made, and the facts would have been proved conformably to section 2612 above. But such an admission could not have any greater force or effect than the solemn admission of the defendants in this answer. Juries are called to try issues of fact raised by the pleadings, and there cannot be any issue involved in an instance where plaintiff alleges a fact, and the defendants admit it. It is a general rule, too well established to admit of discussion, that the plaintiff need not prove a fact admitted by the defendants, and this rule is not in any sense in conflict with section 2612 above. In *Frank* v. *Symons*, 35 Mont. 56, 88 Pac. 561, this court said: "To the extent of the admissions in the pleadings, both the court and the jury are bound by them."

This disposes of all matters properly presented by defendants. Not finding any error in the record, the judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being disqualified, takes no part in the foregoing decision.