BERRY, APPELLANT, *v.* CITY OF HELENA, RESPONDENT.

(No. 4,000.)

(Submitted April 29, 1919. Decided May 28, 1919.)

[182 Pac. 117.]

*Cities and Towns — Defective Sidewalks — Personal Injuries — Statutory Notice — Insufficiency — Waiver — Amendment — Nonsuit—Costs—Witness Fees—Mileage—Serving and Filing of Memorandum—Time—Burden of Proof.*

Cities and Towns—Liability for Injuries.
  1. A city is one of the governmental agencies of the state, is created by statute, enjoys such privileges only as are conferred upon it, and is subject to such liabilities only as are imposed by law.

Same—Personal Injuries—Defective Sidewalks—Statutory Notice—Waiver.
  2. The notice required by section 3289, Revised Codes, to be given a city of a claim for personal injuries resulting from defective streets or sidewalks, stating the time and place of the happening of the injury, cannot be waived.

Same—Statutory Notice—Section Not Statute of Limitations.
  3. Section 3289, above, is not in any sense a statute of limitations.

Same—Statutory Notice—Degree of Accuracy Required.
  4. The notice which must be given a city by one who claims to have sustained personal injuries by reason of a fall upon an ice-covered sidewalk (Rev. Codes, sec. 3289) must contain, *inter alia,* an accurate statement of the time when they were received, one giving the time as "on or about" a certain day, when in fact the accident had occurred two days later, not meeting the requirement.

  [As to what constitutes notice to city of defective condition, see note in 103 **Am. St. Rep.** 281.]

Same—Statutory Notice—Prerequisite to Right of Action.
  5. Compliance with Revised Codes, section 3289, providing that a city shall not be liable in damages for injuries unless notice thereof, stat-

---

On the question of validity of requirement of notice of injury as a condition of municipal liability, see note in 36 **L. R. A. (n. s.)** 1136.

ing time and place, be given within sixty days, is a necessary prerequisite to plaintiff's right of action and an appropriate allegation of such compliance is an indispensable part of the statement of a cause of action.

Same—Statutory Notice—Amendment.

6.   The notice required by section 3289, Revised Codes, to be given to a city of the time and place of a personal injury due to a defective sidewalk, is not subject to amendment, and at the expiration of the time limited by that section the claimant is bound by the one he has served, and his right to institute an action is to be tested by it and none other.

Costs—Memorandum—Service and Filing.

7.   Where a memorandum of costs was served and filed upon the same day, the serving and filing will be treated as contemporaneous acts, and held proof against the contention that under section 7170, Revised Codes, filing must precede service.

Same—Nonsuit—Allowance of Witness Fees and Mileage.

8.   Where a nonsuit is granted, and defendant thus relieved of the necessity of placing his witnesses upon the stand, he is nevertheless entitled to their fees and mileage under section 7169, Revised Codes, as disbursements necessarily incurred in procuring their attendance.

Same—Showing of Incorrectness of Memorandum—Burden of Proof.

9.   Defendant's memorandum of costs was *prima facie* evidence of the correctness of the items included therein, and the burden of overcoming the showing thus made was upon the plaintiff.

*Appeal from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ACTION by Emma K. Berry against the City of Helena. Judgment for defendant, and plaintiff appeals. Affirmed.

*Messrs. Carleton & Carleton,* for Appellant, submitted a brief; *Mr. F. E. Carleton* argued the cause orally.

Respondent contended in the lower court, and cited some cases seemingly supporting his contention, that the fact that the notice of claim for injuries recited that the accident occurred "on or about the twenty-second day of January, 1916," whereas the proof showed it to have occurred on the 24th of January, 1916, constituted a fatal variance. Among the cases cited in support of that position was that of *Ouimette* v. *City of Chicago,* 242 Ill. 501, 90 N. E. 300. An examination of this case discloses that it does not support the contention of respondent, but rather is an authority for appellant. "Statutory requirements of notices to municipalities like the one at bar should be liberally construed to the end that persons having meritorious

claims may not be cut off by technicalities as to the form of the notice." (*Ruth* v. *City of Omaha,* 82 Neb. 846, 118 N. W. 1084, 1085; *McDowell* v. *City of Auburn,* 126 App. Div. 173, 110 N. Y. Supp. 941; *Place* v. *Yonkers,* 43 App. Div. 382, 60 N. Y. Supp. 171.) The case of *Connor* v. *Salt Lake City,* 28 Utah, 248, 78 Pac. 479, is directly in point.

This court has many times held that where a variance does not surprise or mislead a party to his prejudice, it is immaterial. (*Southmayd* v. *Southmayd,* 4 Mont. 100, 5 Pac. 318; *Wertz* v. *Lamb,* 43 Mont. 477, 117 Pac. 89; *Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Robinson* v. *Helena Light & R. Co.,* 38 Mont. 222, 99 Pac. 837.) The notice was sufficient, and should have been admitted in evidence.

Respondent failed to claim its costs as provided by the statute, in that the cost bill was served before being filed. The time for claiming costs did not run from notice of entry of judgment in this case, but from the date of notice of the granting of nonsuit, and, counsel being present in court at said time, had notice thereof. Section 7170, Revised Codes, is identical with section 1033 of the California Code of Civil Procedure. The California statute has been construed in the following cases, which sustain our position: *Porter* v. *Hopkins,* 63 Cal. 53, 55; *Mullally* v. *Irish-American Benevolent Society,* 69 Cal. 559, 11 Pac. 215. (See, also, *McDonnell* v. *Huffine,* 44 Mont. 411, 428, 120 Pac. 792.)

*Mr. Edward Horsky,* for Respondent, submitted a brief; *Mr. E. C. Day,* of Counsel, argued the cause orally.

Under statutes similar to section 3289, Revised Codes, the courts hold that a notice stating that the injury occurred on one day, when the proof showed that it occurred on another, is not a compliance with the statute, is in effect no notice at all, and is fatal. (*City of Ft. Wayne* v. *Bender,* 57 Ind. App. 689, 105 N. E. 949; *Weisman* v. *City of New York,* 219 N. Y. 178, Ann. Cas. 1918E, 1023, 114 N. E. 70; *Anthony* v. *City of St. Joseph,* 152 Mo. App. 180, 133 S. W. 371; *Taylor* v. *Peck,* 29 R. I. 481, 72 Atl. 645; *Peck* v. *Fairhaven & W. R. Co.,* 77 Conn. 161, 58 Atl. 757, 758;

*Wright* v. *City of Omaha,* 78 Neb. 124, 110 N. W. 754, 755; *Mc-Henry* v. *Kansas City,* 101 Kan. 180, 165 Pac. 664.)   Nor is a defect in such notice cured by actual knowledge on the part of the city officials.   The giving of the notice is no part of the suit, but is a condition precedent to the right to bring suit.   (*Batchelder* v. *White,* 28 R. I. 466, 68 Atl. 320; *Carter* v. *City of St. Joseph,* 152 Mo. App. 503, 133 S. W. 851; *Taylor* v. *Peck,* 29 R. I. 481, 72 Atl. 645.)   In *Anthony* v. *City of St. Joseph,* 152 Mo. App. 180, 133 S. W. 371, a variance of one day was held fatal.   In Connecticut, the courts have repeatedly held that a notice to be sufficient as stating the ·"time of the injury" must state the day and hour when the injury occurred.   (*Peck* v. *Fairhaven & W. R. Co.,* 77 Conn. 161, 58 Atl. 757, 758.)   To the same effect are the decisions in Nebraska.   (*Wright* v. *City of Omaha,* 78 Neb. 124, 110 N. W. 754, 755.)

As the municipality itself is created by charter or by statute, and has no powers other than those conferred upon it by its charter or statute, it cannot waive the giving of the statutory notice.   (4 Dillon on Municipal Corporations, 5th ed., sec. 1613; *Tonn* v. *City of Helena,* 42 Mont. 127, 36 L. R. A. (n. s.) 1136, 111 Pac. 715; *Batchelder* v. *White,* 28 R. I. 466, 68 Atl. 320; *Touhey* v. *City of Decatur,* 175 Ind. 98, 32 L. R. A. (n. s.) 350, 93 N. E. 540; *Merwin* v. *City of Utica,* 172 App. Div. 51, 158 N. Y. Supp. 257; *Weisman* v. *City of New York,* 219 N. Y. 178, Ann. Cas. 1918E, 1023, 114 N. E. 70; *McHenry* v. *Kansas City,* 101 Kan. 180, 165 Pac. 664.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover damages for personal injuries alleged to have been suffered by plaintiff as the result of a fall upon an ice-covered sidewalk.

1. The trial court excluded the notice given to the city, and granted a nonsuit.   Plaintiff appealed from the judgment entered in favor of the city, and presents the court's ruling in excluding the notice as the principal ground for a reversal.

Section 3289, Revised Codes, provides: "Before any city or town in this state shall be liable for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, * * * in said city or town, the person so alleged to be injured, or some one in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred."

The notice given to the city states that the injuries were received "on or about the twenty-second day of January, 1916," while plaintiff's evidence disclosed that the accident occurred on January 24. It was because of this discrepancy that the notice was excluded.

Counsel for appellant insists that the statute should be construed liberally, and that substantial compliance with its provisions is all that should be required, in the absence of a showing that the city was misled to its prejudice. If the statute dealt with the rights of individuals *inter sese,* counsel's contention could scarcely be questioned; but when it is sought to apply that rule of construction to a statute governing the liability of a municipality, the argument in its favor runs counter to certain fundamental principles.

A city of this state is one of the governmental agencies of the **[1]** state, created by statute and indebted to the state for its right to exist. It enjoys such privileges only as are conferred upon it, and is subject to such liabilities only as are imposed by law. The state might refuse its consent that the city be sued for the torts of its officers, or it might give its consent, coupled with such conditions and limitations as it sees fit to impose. It has consented conditionally, and the city may rightfully insist upon a strict compliance with the conditions.

Before any liability whatever attaches for injuries resulting **[2]** from defective streets or sidewalks, the city must have received the notice prescribed by section 3289 above. That section

[3] is not in any sense a statute of limitations. Its provisions cannot be waived, for they are intended for the benefit of the public whose money must be appropriated to the payment of any damages recovered.

With these elementary rules in view, can it be said that a [4] claimant complies with the statute who notifies the city that his injuries were received on or about January 22, which date is not in fact the true date? The purpose of the notice is to enable the city officials to investigate and to determine from such investigation whether the city shall settle the claim or defend against it, and, if the latter alternative is chosen, to secure evidence. The city is entitled to know the time when it is claimed the accident occurred, in order that it may investigate and avoid unnecessary expense if it is ascertained that the claim is meritorious. Of necessity, the statute must be general in its terms. It is not possible to prescribe a different form of notice for every imaginable injury. If the accident resulted from a structural defect in a sidewalk, the particular date might not be of serious consequence to the city; but if it is claimed, as in this case, that the injuries resulted from ice upon the sidewalk, the exact date might become of the utmost importance. In this latitude where there is generally abundant snowfall during the winter months, but where there is intermittent thawing and freezing, a sidewalk may be covered with ice on one day but entirely free from it on the next. If the claimant may give notice that the accident occurred on a particular day and prove that it occurred two, four, six or eight days prior or subsequent thereto, the very purpose of the notice would be defeated, and to hold that this may be done is to emasculate the statute, rather than to construe it.

A like provision is found in the statutes of nearly every state, and it is held quite uniformly that the notice must state accurately the time when the injuries were received. And this construction is not unreasonable. The claimant is in a better position than the city to know when his injuries were received, and the obvious purpose of the statute is to require him to give

the city correct information to the end that an investigation to some purpose may be made. If the claimant is not required to give the true date, where shall the line be drawn? If he may vary two days, why not two weeks or a month? Who shall say what is and what is not a reasonable variation from the truth?

The statute means just what it says. The notice must state the time when the injuries were received, and since our Code takes no account of the fractional parts of a day in a case of this character, the notice must state the day upon which it is claimed that the accident occurred. The statute prescribes no particular form of notice, and mere informalities would not vitiate a notice, but the statement of the time and place of the accident is made a matter of substance, not merely a matter of form, and the courts are not authorized to change the statute. In support of these conclusions a few only of the numerous decided cases will be cited. (*McHenry* v. *Kansas City,* 101 Kan. 180, 165 Pac. 664; *Peck* v. *Fair Haven etc. Co.,* 77 Conn. 161, 58 Atl. 757; *Weisman* v. *New York City,* 219 N. Y. 178, Ann. Cas. 1918E, 1023, 114 N. E. 70.)

It is not an answer to say that the city officials obtained correct [5] information from other sources and were not misled. The only right which plaintiff can assert against the city is the right granted by statute. Compliance with the law on her part is a necessary prerequisite to her right to institute this action, and an appropriate allegation of such compliance is an indispensable part of the statement of a cause of action.

Neither can appellant invoke the aid of section 6585, Revised [6] Codes. The reason for the rule there announced arises out of our liberal Practice Act and the very generous statutes of amendment. But while pleadings may be amended at any time, even after verdict and judgment (*Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 327), the notice required by section 3289 is not subject to amendment. At the expiration of the time limited by that section, the claimant is bound by the notice he has served, and his right to institute an action is to be tested by such notice.

The court did not err in excluding the notice tendered in this case.

2. Error is predicated upon the refusal of the court to retax [7] defendant's costs. Counsel for appellant contends that the memorandum of costs must be filed before it is served, citing section 7170, Revised Codes. The record discloses that the memorandum was served and filed upon the same day, and the service and filing will be treated as contemporaneous acts. (*Bacon* v. *Lamb*, 4 Colo. 474; *Wright* v. *Ross*, 26 Cal. 263.) In construing a statute similar in its terms to section 7170, this court has held that the filing must precede or be contemporaneous with the service. If the two acts are performed contemporaneously, the statutory requirement is satisfied. (*Courtright* v. *Berkins*, 2 Mont. 404; *State ex rel. Hall* v. *District Court*, 34 Mont. 112, 115 Am. St. Rep. 522, 9 Ann. Cas. 728, 85 Pac. 872.)

Several witnesses for defendant were in attendance upon the [8] trial, but the order granting a nonsuit rendered their testimony unnecessary. Appellant objected to any allowance for witness fees or mileage, because the witnesses did not testify. The objection was properly overruled. The defendant was required to be prepared to meet the issues raised by the pleadings, and disbursements necessarily incurred in procuring the attendance of witnesses are within the contemplation of section 7169, Revised Codes. (*In re Gallatin Irr. Dist.*, 48 Mont. 605, 140 Pac. 92; *Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988.)

The memorandum of costs was *prima facie* evidence of the [9] correctness of the items included therein, and the burden of overcoming this showing was upon the plaintiff (*Kelly* v. *City of Butte*, 44 Mont. 115, 119 Pac. 171), and this burden she failed to sustain. She made no showing, by affidavit or otherwise, as was done in *In re Gallatin Irrigation District* above, and the holding in that case is not an authority in this one.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.