WESTERN MONTANA NATIONAL BANK, RESPONDENT, *v.* HOME INSURANCE COMPANY OF NEW YORK, APPELLANT.

(No. 5,791.)

(Submitted November 21, 1925.   Decided November 30, 1925.)

[241 Pac. 611.]

*Fire Insurance—Occupant of Property Held Employee of Insured — Liability of Insurer — Instructions — Law of Case — Pleadings—Amendment During Trial—Discretion.*

Instructions—Law of Case.
   1.   Instructions given are the law of the case and are binding upon the jury whether right of wrong.

Fire Insurance—Occupant of Property Held Employee of Insured—Liability of Insurer.
   2.   In an action on a fire insurance policy which provided that a breach of the warranty that the property (a farm-house) should be occupied only by members of the owner's family or by his salaried employee, should suspend the insurance during the time of such breach, evidence *held* sufficient to support the finding of the jury that the occupant who lived in the premises free of rent, received farm produce, *etc.*, in consideration for work done on the farm, was a salaried employee.

Pleadings—Amendment During Trial—When Refusal not Abuse of Discretion.
   3.   The granting or refusing to grant leave to amend a pleading is addressed to the sound judicial discretion of the trial court; and where defendant had knowledge of the facts which it desired to set up as a second defense for two years prior to asking leave for permission to amend its answer, the motion being made during trial after both parties had introduced their evidence in chief, refusal to allow the proposed amendment was not an abuse of discretion.

Fire Insurance, 26 **C. J.**, sec. 759, p. 542, n. 7.
Pleading, 31 **Cyc.**, p. 368, n. 9; p. 372, n. 31; p. 401, n. 94.
Trial, 38 **Cyc.**, p. 1891, n. 65, 68.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by the Western Montana National Bank against the Home Insurance Company of New York.   Judgment for plaintiff and defendant appeals.   Affirmed.

*Messrs. Freeman, Thelen & Frary* and *Mr. John L. Campbell,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. G. S. Frary* argued the cause orally.

*Messrs. Murphy & Whitlock* and *Messrs. Mulroney & Mulroney,* for Respondent, submitted a brief: *Mr. E. C. Mulroney* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action on a $2,500 policy of insurance, issued by the defendant to one J. J. Rogers on January 23, 1922, covering a frame dwelling-house located on a farm near Ronan in what is now Lake county. The policy contained the following provision: "In consideration of the rate at which this policy is written, and subject to the conditions of this policy regarding vacancy and nonoccupancy, it is warranted that the dwelling described hereunder will be occupied only by the owner of the title to the realty, by the members of the owner's family, or by the salaried employees of the owner. A breach of this warranty suspends this insurance during such breach."

On August 31, 1922, the insured dwelling was totally destroyed by fire, causing a loss in excess of $2,500. The insured made proofs of loss as required by the policy and subsequently assigned his interest therein to the plaintiff. The amount of the loss not having been paid, plaintiff brought this action to recover it. The only defense interposed was that the above-quoted provision of the policy had been breached by the insured in this: That prior to and at the time of the fire which caused the loss, the insured dwelling was not occupied by Rogers, or by members of his family, or by his salaried employees, and that by reason of this condition the insurance had been suspended and was not in force at the time of the fire on the thirty-first day of August, 1922, and therefore the defendant was not liable for any loss alleged to have been sustained. At the trial the jury returned a verdict in favor of the plaintiff, upon which a judgment was entered, and from this judgment the defendant has appealed.

By its instruction No. 2 the court advised the jury: ''If you believe from a preponderance of the evidence that the said dwelling destroyed by fire on August 31, 1922, was not at the time occupied by J. J. Rogers, by members of the family of J. J. Rogers, or by the salaried employees of said J. J. Rogers, then the said insurance would be suspended and not in force and effect on the day of said fire, and the said J. J. Rogers and plaintiff herein cannot recover, and your verdict should be for the defendant.'' Without objection the court gave to the jury its instruction No. 5, as follows: ''You are instructed that the term 'salaried employee' as found in the warranty in the policy means any person who receives a recompense or consideration for his pains or industry in another's behalf. It is not necessary that actual money be paid, but the recompense may be in food, shelter, or other considerations of value, and it is not essential that such recompense or consideration be paid or given for labor or services rendered in, at, or about the insured premises. If you believe that Handford was a "salaried employee of Rogers under the definition herein contained, your verdict must be for the plaintiff.'' These instructions became [1] the law of the case, and whether right or wrong were binding upon the jury.

1. There was no contention that at the time in question the [2] insured house was occupied by Rogers or any member of his family; but the undisputed testimony showed that on the date of the fire Henry G. Handford and his wife had their household effects in this house and were using the same as a dwelling, but were temporarily absent at the time of the fire.

The defendant contended that Handford was a tenant of the insured, whereas the plaintiff contended that he was a ''salaried employee.'' The case turned upon the determination of this disputed question. By returning its verdict for the plaintiff, the jury necessarily found that Handford was a ''salaried employee'' of Rogers at the date of the fire.

It will be observed that in order to bring Handford within the definition of a ''salaried employee'' as given in the above-quoted instruction, it was only necessary for the plaintiff to

show that he was at the time in question expending some pains or industry in behalf of the insured for which he was receiving a recompense; it might be either in money, food, shelter or other consideration of value.

The testimony showed that some time about the middle of June, 1922, Rogers was negotiating with Handford and his two brothers for the purpose of leasing to them the ranch upon which the insured house was located. There was much dispute in the testimony as to whether or not a lease was actually executed in accordance with these negotiations. Rogers claimed that while a lease was prepared, it was never executed by him; while defendant's witnesses asserted that it was actually executed by all the parties and delivered. Whether the lease was in fact executed or not is not very material, for Handford testified that about the middle of August he abandoned the lease, and this statement is not challenged by counsel for either party.

At the time Handford abandoned the lease, there were on the place about a half dozen milk cows and some chickens belonging to Rogers, and also a garden which had been planted by Rogers. Notwithstanding that he had abandoned the lease, Handford continued to occupy the house from the middle of August down to the time of the fire as a shelter for himself and family and their household goods. During this time he milked the cows, cared for the chickens and garden, and received for his own use all of the dairy products, used the vegetables from the garden on his family table, consumed eggs produced by the flock of chickens, and also killed and ate some of them.

The plaintiff claimed, and Rogers testified, that although Handford originally went upon the premises with the intention of entering into the lease referred to, the lease was never executed and the idea of making one was abandoned, and that long prior to the time when the fire occurred Handford and Rogers had entered into a different arrangement whereby Handford was to perform for Rogers certain labor in cutting and stacking grain and to render other services about the Rogers

ranches for a money consideration, and that in addition thereto Handford was to occupy the house, look after the cows and chickens, take care of the garden, as a compensation for which services he was to receive the milk, eggs and vegetables from the garden; and that Handford was occupying the house under this arrangement at the time of the fire.

The testimony of Rogers, if accepted by the jury, was sufficient to establish the fact that at the time of the fire Handford was receiving from him some recompense or consideration for his pains and industry expended in his behalf, and was therefore a ''salaried employee'' within the definition of that term given by the court.

Handford and his wife testified as witnesses for the defendant and contradicted the testimony of Rogers in many points.

There was nothing in the testimony of Rogers above referred to, or the circumstances concerning which he testified, which would warrant this court in saying that his testimony was inherently improbable or incredible. The jury was entitled to accept it, if it chose to do so. Contradicted as it was by the testimony of defendant's witnesses, it presented only a conflict in the evidence, and under such circumstances this court cannot disturb the jury's findings.

2. After the plaintiff and defendant had introduced all their [3] testimony in chief, defendant moved the court to allow it to amend its answer by setting up as a second affirmative defense that the insured, Rogers, had falsely and fraudulently made a sworn statement in the proofs of loss which he had furnished to the company, to the effect that at the time of the fire the dwelling-house was occupied by a tenant, which statement touched a material matter and by the terms of the policy rendered it null and void. The application was denied by the court, and this ruling is assigned as error.

Defendant made no showing in connection with this application to amend. Counsel stated that it was offered ''to take care of the evidence that was produced at the trial.'' The evidence so referred to was the proofs of loss which had been delivered to the defendant by Rogers on October 30, 1922; so

[75 Mont. 16.]

that defendant had been in possession of the facts which it desired to set up as its second affirmative defense for a period of more than two years before the trial of the case began on the sixteenth day of December, 1924.

Granting or refusing to grant leave to amend a pleading is always addressed to the sound judicial discretion of the court. (*Dietz* v. *Rabe,* 65 Mont. 500, 211 Pac. 343; *Pue* v. *Bushnell,* 72 Mont. 265, 233 Pac. 124.)   In the case of *Cullen* v. *Western etc. Title Co.,* 47 Mont. 513, 134 Pac. 302, it is said: ''While it is the policy of our law to permit amendments to pleadings in order that litigants may have their causes submitted upon every meritorious consideration that may be open to them  *  *  * and while it is the rule to allow, and the exception to deny, amendments (*Leggatt* v. *Palmer,* 39 Mont. 302, 102 Pac. 327; *Flaherty* v. *Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40), yet they are not at all stages of the proceedings a matter of right.   After issue joined, the matter lies within the sound judicial discretion of the trial court, and an abuse of that discretion must be made to appear before this court can say that a refusal of leave to amend was wrong.''

Upon the record presented in this case the court clearly did not abuse its discretion in refusing to allow the proposed amendment.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

Rehearing denied December 15, 1925.