TONN, Appellant, *v.* CITY OF HELENA, Respondent.

(No. 2,877.)

(Submitted September 27, 1910.   Decided October 22, 1910.)

[111 Pac. 715.]

*Cities and Towns—Defective Sidewalks—Personal Injuries—Statutory Notice—Constitutional Law—Class Legislation.*

Cities and Towns—Defective Sidewalks—Notice—Statutory Construction.
　　1.　The words "any defect in any sidewalk," found in the provision of section 3289, Revised Codes, requiring notice to cities or towns of personal injuries alleged to have been suffered by reason of "any defect in" a sidewalk, before the municipality shall be liable in damages therefor, have reference to any and every defect, deficiency or obstruction likely to interfere with the proper use of the walk,—such as an accumulation of snow and ice, *etc.*,—and not merely to some structural deficiency in the walk itself.

Same—Notice—Purpose of Statute.
　　2.　Under section 3289 requiring notice to a municipality of personal injuries received by reason of any defect in a sidewalk, the purpose of which is to enable the city to avoid litigation if investigation discloses a legal liability on its part, it is not sufficient that the municipal officers have notice of the defect, but knowledge of the injury must be brought home to them before liability may be said to attach to the municipality.

Statutes—Constitutional Law—Class Legislation.
　　3.　A statute is not open to constitutional objection on the sole ground that it is class legislation; if the classification therein made is reasonable, and all members of a given class receive equal protection under it, it will be upheld.

Cities and Towns—Notice of Personal Injuries—Statutory Requirement—Constitutional Law—Class Legislation.
　　4.　*Held,* under the rule declared in paragraph 3 above, that section 3289, Revised Codes, making the giving of notice of a personal injury, suffered on account of a defective sidewalk, a *sine qua non* to the recovery of damages from a city or town, is not obnoxious to the con-

stitutional provision prohibiting class legislation, on the alleged ground that an unjust discrimination is thereby made in favor of municipalities, as against all other defendants in personal injury actions.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Henrietta Tonn against the city of Helena. From a judgment for defendant rendered on sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Mr. C. A. Spaulding,* for Appellant, submitted a brief and argued the cause orally.

Section 3289, Revised Codes, is, in effect, a statute of limitation. (*Hay* v. *Baraboo,* 127 Wis. 1, 115 Am. St. Rep. 977, 105 N. W. 654, 3 L. R. A., n. s., 84, at 93; *Relgea* v. *Tomahawk Paper etc. Co.,* 102 Wis. 301, 72 Am. St. Rep. 878, 78 N. W. 412.) It is likewise *in invitum,* and for these reasons, unless the cause of action set out in appellant's complaint falls strictly within its terms, it was error in the court below to sustain the demurrer to such complaint. (See *Brown* v. *Salt Lake,* 33 Utah, 222, 126 Am. St. Rep. 828, 93 Pac. 570, 14 L. R. A., n. s., 619, 14 Ann. Cas. 1004; *Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309.) "The statute relates only to injuries from defective highways, streets, bridges, cross-walks and culverts, and its application is restricted to such as are due to defects from being out of repair, and not including those caused by accumulations of ice and snow." (2 Dillon on Municipal Corporations, note to sec. 1000. See, also, *McKellar* v. *Detroit,* 57 Mich. 158, 58 Am. Rep. 357, 23 N. W. 621; *Hughes* v. *Fon du Lac,* 73 Wis. 380, 41 N. W. 407; *Pye* v. *Mankato,* 37 Minn. 536, 38 N. W. 621; *Lane* v. *Lewistown,* 91 Me. 292, 39 Atl. 999; *McArthur* v. *Saginaw,* 58 Mich. 357, 55 Am. Rep. 657, 25 N. W. 313; *Hixon* v. *Lowell,* 13 Gray (Mass.), 59; *Agnew* v. *Corunna,* 55 Mich. 428, 54 Am. Rep. 383, 21 N. W. 873; *Cloughessey* v. *City of Waterbury,* 51 Conn. 405, 50 Am. Rep. 39; *Kansas City M. & B. R. Co.* v. *Burton,* 97 Ala. 240, 12 South. 88.) Very persuasive evidence that the legislature did

not consider accumulations of snow and ice, such as are pleaded in the case at bar, a defect in a sidewalk is afforded by section 3259, Revised Codes, subdivision 7, providing that cities shall have the power to require the owners of adjoining premises to keep their sidewalks "free from snow or other obstruction." The language, significantly enough, is not, "free from snow or other *defect.*" Only such cases fall within the purview of the statute and require the notice specified therein as may be occasioned by a defect *in* a sidewalk. That the word "in," so used, signifies actually *within* as distinguished from *upon,* see *Van Brokkelen* v. *Travelers' Ins. Co.,* 34 App. Div. 399, 54 N. Y. Supp. 307; *Insurance Co.* v. *Vandicar,* 86 Fed. 282, 30 C. C. A. 48.

The reason for giving a city or town notice that one has been injured by a defective sidewalk is to afford the city an opportunity to investigate the *locus in quo* and remedy the defect before others are injured; but where, as in the case at bar, the city has notice of the unlawful obstruction for a long period of time prior to the injury, the reason for notice after the injury no longer exists. It has accordingly been repeatedly held that compliance with a statute requiring notice to a municipality of a certain number of days prior to an injury occasioned by a defect in a street or sidewalk is not essential to the maintenance of an action on account thereof where the defect complained of was occasioned by an act of the city authorities. (*Schelich* v. *Wilmington* (Del.), 74 Atl. 367; *Tewksbury* v. *City of Lincoln,* 84 Neb. 571, 121 N. W. 994, 23 L. R. A., n. s., 282, and cases there cited; *Lane* v. *Lewistown,* 91 Me. 292, 39 Atl. 999.)

In behalf of Respondent, *Mr. Edward Horsky* submitted a brief and argued the cause orally.

What is meant by *a defect* in a sidewalk; in other words, when is a sidewalk *defective?* The decision in *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, while not involving the accumulation of snow and ice, clearly indicates that this court holds to the doctrine that any sidewalk is to be regarded as

defective when it is not reasonably safe for the purpose for which it was intended, which view is in full accord with other states. Thus it will be seen that a defect in a sidewalk may be either a structural defect as such, or a defect in the condition of the walk, or for that matter anything else which renders it unsafe. *Any defect* includes both structural defects and defects in condition. (See, also, *Bliven* v. *Sioux City*, 85 Iowa, 346, 52 N. W. 246; *Holbert* v. *City of Philadelphia*, 221 Pa. 266, 70 Atl. 746, 20 L. R. A., n. s., 201; *Cook* v. *Milwaukee*, 24 Wis. 274, 1 Am. Rep. 183; *Moran* v. *St. Paul*, 54 Minn. 279, 56 N. W. 80; *Corbett* v. *Troy*, 53 Hun, 228, 6 N. Y. Supp. 381; *McKeen* v. *Salem*, 148 Mass. 109, 19 N. E. 21.) From the above cases it will be seen that the courts of Montana, Iowa, Pennsylvania, Wisconsin, Massachusetts, Minnesota, and New York, have all held that an accumulation of ice or snow on a sidewalk to such an extent as to make the sidewalk dangerous or unsafe for travel constitutes a *defect*, for which the city is liable.

The word "in" as used in reference to sidewalks, streets, and highways, is equivalent to, interchangeable with, and includes "on." (*Woods* v. *State*, 67 Miss. 575, 7 South. 495; *Chicago etc. Ry. Co.* v. *Dunbar*, 100 Ill. 110, 136; *Bliven* v. *City of Sioux City*, 85 Iowa, 346, 52 N. W. 246; *Hume* v. *Mayor*, 74 N. Y. 264.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A demurrer to the complaint was sustained, and plaintiff, declining to plead further, suffered judgment to be rendered and entered against her, and has appealed to this court.

The action is for damages for personal injuries alleged to have been sustained by the plaintiff as the result of a fall upon a sidewalk in the city of Helena. It is alleged in the complaint that, immediately prior to the time of the injury (January 15, 1909), snow and ice had accumulated on the sidewalk in question, and by reason of persons traveling over it, the surface had become rough, ridged, uneven, and dangerous, and because of

this condition plaintiff slipped, fell, and sustained injuries. It is then alleged that there was not any notice whatever given to the city of Helena, or its authorities, of the injuries. The complaint was filed on December 29, 1909.

Section 3289 of the Revised Codes reads as follows: "Before any city or town in this state shall be liable for damages for or on account of any injury or loss alleged to have been received or suffered *by reason of any defect in any*  *  *  * sidewalk  *  *  * in said city or town, the person so alleged to be injured, or someone in his behalf, shall give to the city or town council or trustee, or other governing body of such town or city, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred." (Italics ours.)

1. It is very earnestly contended by counsel for appellant that by the use of the phrase "defect in any sidewalk" the legislature must have meant to refer only to some structural deficiency of a sidewalk, and did not mean to include an obstruction on, or a defect in, the condition of the walk, and, as plaintiff's injuries resulted from an obstruction on the walk, her case does not fall within the class mentioned in the statute above, and notice to the city was not a condition precedent to her right to recover. In support of the contention that an accumulation of snow and ice on a sidewalk cannot be understood to constitute a defect in the walk, counsel for appellant cites *McKellar* v. *Detroit*, 57 Mich. 158, 58 Am. Rep. 357, 23 N. W. 621. The plaintiff in that action was injured by slipping on a cross-walk in the city of Detroit. The statute under consideration was entitled "An Act for the Collection of Damages Sustained by Reason of Defective Public Highways, Streets, Bridges, Crosswalks and Culverts." The body of the Act gave a right of action for injuries sustained through the negligence of any township, village, or city in failing to keep its highways, streets, bridges, crosswalks, or culverts in good repair and in a condition reasonably safe and fit for travel. The court held, in effect, that the statute did not make any distinction whatever between a

.city and a township; that, if the city should be required to keep its roadways free from accumulated snow and ice, the same burden would necessarily be imposed upon the township. After reviewing the circumstances surrounding the enactment of the statute, the court reached the conclusion that it was not within the contemplation of the legislature that a mere accumulation of snow and ice should constitute a defect in the roadway. The case was decided in 1885.

Another case upon which great reliance is placed by counsel for appellant is *Kansas City M. & M. R. R. Co.* v. *Burton,* 97 Ala. 240, 12 South. 88. In that case there was under consideration the employer's liability law of Alabama, which the court says was "copied from the English employer's liability Act (Stats. 43 & 44 Vict.)," which provides for recovery of damages for injuries occasioned "by reason of any defect in the condition of the ways, walks, machinery or plant connected with or used in the business of the employer." The Alabama court reviews the decisions of the English courts construing the Act, and, following the English interpretation of the statute, reached the conclusion that a car set upon a sidetrack does not constitute a defect in the main track, even though the car was set so close to the main track that a brakeman in the discharge of his duties was injured thereby.

Neither the Michigan case nor the case from Alabama can be said to determine the question before us. But, if it could be said that the courts of those states uphold appellant's contention, they are opposed to the overwhelming weight of authority.

In Williams on Municipal Liability for Torts, page 163, it is said: "It is also held with equal unanimity of opinion that if the snow or ice, instead of presenting a smooth surface, has accumulated in ridges, or has assumed a rough and uneven condition or such a shape as to be in some sense a real obstruction to travel, either by reason of drifting or of the repeated flowing and freezing of water, or of the passing to and fro of travelers, or from any other cause, it is a defect in the highway." And numerous cases are cited in support of the text.

Dillon treats defects and obstructions in streets as practically synonymous terms (2 Dillon on Municipal Corporations, sec. 1011), and in section 1007 that learned author emphasizes this view by saying: "The defect in the highway or street, whether it be snow and ice or whatever its nature, must be the direct and proximate cause of the special damage for which the corporation is sought to be made liable."

We cannot assume that, in enacting section 3289 above, the members of the legislature proceeded with open dictionaries before them, or intended that every word employed should be given its narrowest technical meaning. We think that, when they used the phrase, "any defect in any sidewalk," they meant to include any and every defect, deficiency, or obstruction which would interfere with the proper use of the walk.

2. The purpose of the Act is to require that notice of any injury arising from a defective sidewalk, street, etc., shall be given to the city, not alone that the city may have an opportunity to examine the place where the injury occurred, and consult those who may be witnesses, but as well to enable the city to settle the claim and avoid the expense of litigation if investigation discloses a legal liability on its part. For this reason it is not sufficient that the city officers had notice of the defect. It is knowledge of the injury which the statute requires shall be brought to the attention of the city authorities.

3. It is argued that section 3289 is unconstitutional in that an unjust discrimination is made in favor of municipalities and against all others who may be defendants in personal injury actions; or, in other words, that, in case the notice provided for above is not given, the city is then granted a special immunity. A statute is not open to objection merely because it is class legislation. If the classification is reasonable, and all members of a given class receive equal protection, the statute will be upheld. This is the universal rule. (1 Lewis' Sutherland on Statutory Construction, sec. 203; 26 Am. & Eng. Ency. of Law, 2d ed., 682; 8 Current Law, 1980; *Village of Bloomer* v. *Town of Bloomer*, 128 Wis. 297, 107 N. W. 974.)

There would seem to be abundant reason for taking public municipal bodies out of the general class of litigants. Such bodies are governed only by public officers; the ramifications of their business interests are so extensive that it is matter of common knowledge that they cannot ascertain the facts with reference to their liability with the same degree of exactness and dispatch as a private person or the officers or agents of a private corporation. We think it cannot be said that the classification made by this statute is unreasonable; and, since all cities and towns of the state are treated alike, the statute is not open to the objection urged against it. (*Quong Wing* v. *Kirkendall*, 39 Mont. 64, 101 Pac. 250; *Lewis* v. *Northern Pac. Ry. Co.*, 36 Mont. 207, 92 Pac. 469; *Parker-Washington Co.* v. *Kansas City*, 73 Kan. 722, 85 Pac. 781.)

Because of the failure of this plaintiff to notify the city officers, or to have them notified, of her injuries, she lost whatever right she had to prosecute her action against the city. The allegations of her complaint show affirmatively that she does not have a cause of action.

The demurrer was properly sustained, and the judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE SMITH concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.