LYNCH, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 7,351.)

(Submitted March 7, 1935.   Decided March 20, 1935.)

[43 Pac. (2d) 652.]

*Mr. Edwin M. Lamb,* for Appellant, submitted a brief.

*Mr. H. J. Freebourn* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to recover damages against the defendant city for injuries which she alleged were sustained by her by reason of an upraise of more than four inches in the sidewalk on the easterly side of South Dakota Street in the city of Butte. She further alleged that this sidewalk was constructed of concrete, in which there was imbedded and extended outward from the place of the upraise an iron bolt or pipe; that the scene of the accident was South Dakota Street between West Park and West Galena Streets, at a place where an alley extended into South Dakota Street from an easterly direction; that on September 30 plaintiff, while walking along the sidewalk in a southerly direction at the point where the uprise occurred and where the bolt protruded, her foot came in contact with the bolt or pipe, or with both the bolt and uprise, causing her to fall violently upon the sidewalk and walk, breaking and fracturing the bones of her right hip, contusing, injuring and bruising the muscles of her hip

and body, also contusions and bruises of her right side, injuring the nerves of her right side, and suffering a great shock to the entire nervous system, and suffering great pain in her right knee and back. She further alleged that the injuries were permanent and that she was damaged in the sum of $23,000.

The defendant answered, admitting its corporate capacity and denying generally the other allegations of the complaint. In addition, it, by a separate answer, alleged that the complaint in this cause of action was identical with the complaint in cause No. 33636, filed in the district court of Silver Bow county, and in which the plaintiff and defendant in this action were, respectively, the plaintiff and defendant in that action, which was tried in that court on June 20, 1932, resulting in a verdict in favor of defendant city and against the plaintiff; that the court ordered that verdict filed and judgment entered accordingly; that the cause was tried upon the merits, and that plaintiff's present action is barred and she is estopped from prosecuting this action.

Plaintiff filed reply to the affirmative defense, alleging that defendant failed and neglected to cause a judgment to be entered on the verdict in the former trial within the period of six months, or at all, and that on December 29, 1932, and more than six months after the return and filing of the verdict, the plaintiff caused a judgment of dismissal to be entered, not as a voluntary discontinuance of that action, but with intention of taking advantage of her statutory right to bring a new action, and that thereafter, and within one year after the entry of the judgment of dismissal, plaintiff instituted the present action. By her reply plaintiff admitted that the action numbered 33636 was between the same parties and upon the same cause of action as that involved here.

The trial resulted in a verdict and judgment in favor of plaintiff. Motion for new trial was made, heard and denied. The appeal is from the judgment.

Defendant, at the close of plaintiff's case, made a motion for nonsuit upon the ground "that there is a variance

in the proof in this case as to the place where the accident occurred and the place designated by the plaintiff in her notice of the time when and the place where the accident occurred which was given to the city of Butte, * * * said variance being more particularly described as follows: the testimony on this trial being that this accident occurred at the northwest corner of the sidewalk, which northwest corner of the sidewalk is on the southerly corner of the driveway referred to in the evidence and which driveway is on the west side of Dakota street * * * at a point and place where the sidewalk is eleven or twelve inches above the surface of the driveway; * * * and the description of the place where the accident occurred and the injury was received is as follows: 'said fall was caused by a defect in said sidewalk and footway, and the undersigned was caused to fall violently upon the sidewalk and footway because her foot came in contact with that part of the sidewalk where it is uneven with the part where vehicles cross it, and where it is higher by at least four inches than is that part used by vehicles.' '' The motion for nonsuit was denied, and error is assigned on this ruling, and by other specifications of error the question is again raised.

From the testimony in the case, it appears that the crosswalk sloped from about the center of the sidewalk toward Dakota Street. The upraise was about four inches at the center of the sidewalk. The witnesses testified that the iron bolt or pipe which was protruding from the sidewalk was located near the corner of the sidewalk at the intersection of the alley and Dakota Street. The sidewalk was approximately eight feet wide. The upraise at the point where the witnesses testified the bolt or pipe was located was from eleven to twelve inches. It is therefore argued that the description as it appeared in the notice to the defendant was inaccurate to the extent of about four feet.

The pertinent portion of section 5080, Revised Codes 1921, providing for notice to the city by persons claiming damages for injuries by reason of defects in a sidewalk, is as follows: "Before any city or' town in this state shall be liable for

damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any * * * sidewalk * * * in said city or town, the person so alleged to be injured, or someone in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred.''

In the case of *Nagle* v. *City of Billings*, 80 Mont. 278, 260 Pac. 717, 718, this court said: ''The purpose of the above section is to give the city an opportunity to examine the place where the injury occurred and consult those who may be witnesses, and to enable it to settle the claim and avoid the expense of litigation, if the investigation discloses a legal liability on its part. (*Tonn* v. *City of Helena*, 42 Mont. 127, 111 Pac. 715, 36 L. R. A. (n. s.) 1136; *Berry* v. *City of Helena*, 56 Mont. 122, 182 Pac. 117.)'' In that case it was strenuously urged that the notice there before the court did not definitely designate the place at which plaintiff claimed she received her injuries. The notice there involved and given to the defendant city described the place of injury as ''at the corner of First Avenue and Thirty-Second Street north.'' It did not specify which one of the four corners of the intersection of two streets was the place of the injury. In that case, after an elaborate review of the authorities and in the course of the opinion, the court said: ''A plat showing the four corners of the street intersection mentioned in the notice served in this case was introduced in evidence, and it discloses that an inspection of all these corners would only involve walking a short distance. Following the rule laid down in the Colorado case [*City and County of Denver* v. *Perkins*, 50 Colo. 159, 114 Pac. 484], it would seem that the very fact that the particular corner of the street intersection described was not mentioned in the notice would require the party making the investigation, in the exercise of reasonable diligence, to make an inspection of each of the four corners when they were so close to each other.'' And again, in the

same opinion, it is written: "In view of the principles laid down in the cases which have been above cited, and in the light of the circumstances disclosed in the testimony, we have arrived at the conclusion that the notice served upon the city by the plaintiff was sufficient to have enabled it, by the exercise of reasonable diligence, to find the place where the plaintiff claimed that she received her injuries; that it answered the purpose of the statute."

The defendant here produced a number of excellent photographs, which have been certified to this court, of the scene of the injury. Apparently no difficulty was experienced by the city authorities, as a result of the discrepancy in the location, in ascertaining the point of its occurrence. On the authority of *Nagle* v. *City of Billings,* supra, we hold the notice was sufficient, the variance immaterial, and the defendant's contention to be without merit.

The second question presented by the specifications of error is as to whether or not the record in the former trial of this case is sufficient to bar the plaintiff from recovery in this action. It is the contention of the defendant that, when the verdict was received and the judgment ordered entered, it was tantamount to the rendition and entry of judgment.

Section 9403, Revised Codes 1921, provides: "When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings." By the provisions of section 9317, Id., it is declared that "an action may be dismissed * * * in the following cases: * * * 6. By the court, when, after verdict or final submission, the party entitled to judgment ,neglects to demand and have the same entered for more than six months."

An identical situation was before this court in the case of *Pullen* v. *City of Butte,* 45 Mont. 46, 121 Pac. 878, 881, wherein the same contention now being made by defendant was disposed of adversely in the following language: "Another

contention of the appellant is that the first action commenced by the plaintiff was decided against her on the merits and therefore she cannot prosecute this cause, for the reason that the matter is *res adjudicata* between the parties. The statute by virtue of which the first action was dismissed provides that 'an action may be dismissed * * * by the court, when after verdict * * * the party entitled to judgment neglects to demand and have the same entered for more than six months.' (Rev. Codes 1907, sec. 6714.) Because this statute applies to both plaintiffs and defendants, its entire purpose is not plain. It is not difficult to see why an action should be dismissed when the plaintiff neglects for more than six months to have judgment entered on a verdict in his favor. The reason is that it is the policy of the law to put a speedy end to litigation, and, under such circumstances, a plaintiff may fairly be deemed to have abandoned the fruits of his victory. But why should an action be dismissed on account of the fact that a defendant neglects to enter judgment on a verdict? The only legitimate reason which occurs to us is that the legislature intended to punish the defendant for sleeping on his rights by making it possible for the plaintiff to begin a new action. In either case the action of the court is in the nature of a penalty. Judgment of dismissal so entered is in no sense a judgment upon the merits. The judgment pleaded in the answer shows on its face that it is not a judgment on the verdict, as such, and the fact that the plaintiff caused the same to be entered, as she had a right to do under the statute, is no evidence that she intended thereby to voluntarily abandon her claim against the city. On the contrary, her course in that regard manifests an intention to take advantage of her statutory right to begin a new action. The court could not enlarge her rights by inserting in the judgment a notation that the cause was dismissed without prejudice. (See *Glass* v. *Basin & Bay State Min. Co.*, 34 Mont. 88, 85 Pac. 746.)''

Counsel for the city asserts, however, that the case of *McIntyre* v. *Northern Pacific Ry. Co.*, 58 Mont. 256, 191

Pac. 1065, 1067, departs from the decision in the *Pullen Case,* or at least sustains his contention. There Judge Lentz, one of the judges of the fourth judicial district, presided at the trial of the cause in Silver Bow county in the second judicial district. A verdict was rendered, but before a judgment was entered Judge Lentz returned to his own district. A few days later a formal judgment was presented to him at Missoula in his own district, which he signed. Thereafter it was transmitted to the clerk of the district court of Silver Bow county and by him duly entered. The court, in the course of its opinion, after quoting section 9403, supra, made the following observation: "Under this provision, the return and recording of a general verdict makes it the ministerial duty of the clerk to enter judgment. In other words, the recording of the verdict under the direction of the court is the rendition of judgment." Again it was said therein: "The announcement of his decision by the judge in open court and the entry of it in the minutes constitute the rendition of the judgment." It was there held that the judgment which was duly entered by the clerk was a valid and binding judgment, although Judge Lentz was without authority to sign the judgment at Missoula, but that the clerk had the authority to enter the judgment and had done so. Here no judgment was ever entered by the clerk.

Section 9407, Revised Codes 1921, provides: "The clerk must keep, with the records of the court, a book to be called the 'judgment book,' in which judgments must be entered." The entry of a judgment is its recordation in the judgment book mentioned in this section. (*Morehouse* v. *Bynum,* 51 Mont. 289, 152 Pac. 477.) If a judgment had been recorded by the clerk in the former action in the judgment book, the judgment would have been entered, and this case would be ruled by that of *McIntyre* v. *Northern Pacific Ry. Co.,* supra, but such is not the case. The judgment was rendered but never entered. It was therefore insufficient to form the basis of a plea of *res adjudicata.*

No other questions are urged on this appeal. The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, MORRIS and STEWART concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, takes no part in the foregoing decision.