## Malenkaitus v. Horwitz et al.

644

*Vosburg & Vosburg*, for plaintiff.

*Jerome Myers* and *Alexander Gorney*, for defendant City of Scranton.

*Taylor, Taylor & Robinson*, for defendants.

EAGEN, J., April 2, 1943.—This is an action in trespass based upon negligence. Defendant City of Scranton filed an affidavit of defense raising questions of law, contending that the statement of claim fails to aver that plaintiff filed with the clerk of the City of Scranton a written notice pursuant to the provisions of the Act of July 1, 1937, P. L. 2547, 53 PS §2774, which provides as follows:

"That hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

The accident occurred August 27, 1940. It is admitted that no formal notice was served upon the city's representatives within the six months' period except

the summons which issued and was served upon defendant City of Scranton on February 6, 1941. On July 21, 1942, the statement of claim was filed and served.

The first question, therefore, is· whether or not the service of the summons without any other form of notice of the nature of the complaint within six months of the date of the accident is a sufficient compliance with the act. We conclude not. The purpose behind the enactment of the statute was "to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims": Lutz v. Scranton, 140 Pa. Superior Ct. 139, 142.

In the above case it was held that the filing of a statement of claim within the prescribed time limit was sufficient since the defendant was thus given the details and warning of the complaint, had the opportunity to investigate, and lost nothing by the failure to file and serve the formal notice. However, in the instant case no notice concerning the details of the accident was given the city until the statement of claim was filed nearly two years after the accident occurred. The summons itself merely served the city with notice of an impending law suit. What it was about was not apparent. This is certainly not in compliance with the provisions of the Act of 1937. Plaintiff contends that the act requiring notice is unconstitutional for many reasons. The appellate courts of Pennsylvania, so far as we know, have not decided this specific question. The act has been interpreted by the Superior Court in many instances concerning the sufficiency of the notice required but the question of constitutionality has never been raised. In Barnett v. Borough of Aliquippa et al., 37 D. & C. 521, Judge Wilson of Beaver County in a very well-reasoned opinion sustained the constitutionality of the act.

This type of legislation is not new. Thirty States have similar legislation that requires notice of tort claims to be given within certain fixed time limits. See 40 Dickinson Law Review 137; see also 16 C. J. S. 910, §461. The constitutionality of such legislation has been sustained in many other jurisdictions. See City of Knoxville v. Felding, 153 Tenn. 586, 285 S. W. 47, Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, and Randolph v. City of Springfield, 302 Mo. 33, 257 S. W. 449.

In determining the constitutionality of legislation certain principles must be kept in mind. In Penn Anthracite Mining Co. v. Anthracite Miners of Pennsylvania et al., 318 Pa. 401, 405, the court said:

" 'That one who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so, has been so often declared that the principle has become axiomatic. In Sharpless v. Mayor of Phila., 21 Pa. 147, Mr. Justice Black said (page 164) : "There is another rule which must govern us in cases like this; namely, that we can declare an act of assembly void only when it violates the Constitution clearly, palpably, plainly; and in such manner as to leave no doubt or hesitation in our minds. This principle is asserted by judges of every grade, both in the federal and in the state courts." And again in Erie and North-East R. R. Co. v. Casey, 26 Pa. 287, the same Justice said (page 300) : "The right of the judiciary to declare a statute void, and to arrest its execution, is one which, in the opinion of all courts, is coupled with responsibilities so grave that it is never to be exercised except in very clear cases; one department of the government is bound to presume that another has acted rightly. The party who wishes us to pronounce a law unconstitutional, takes upon himself the burden of proving, beyond all doubt, that it is so."
In Hilbish v. Catherman, 64 Pa. 154, Mr. Justice

Agnew said (page 159) : "We cannot declare this act unconstitutional unless we can say, in the language of Judge Tilghman, that 'its violation of the Constitution is so manifest as. to leave no reasonable doubt': Com. v. Smith, 4 Binn. 117." And Chief Justice Sharswood said, in Com. v. Butler, 99 Pa. 535 (540) : "To justify a court in pronouncing an act of the legislature unconstitutional and void, either in whole or in part, it must be able to vouch some exception or prohibition clearly expressed or necessarily implied. To doubt is to be resolved in favor of the constitutionality of the act" ' : Gottschall v. Campbell, 234 Pa. 347, 363. See also Com. ex rel. Schnader v. Liveright, 308 Pa. 35, 56, 161 A. 697."

Doubt as to constitutionality of an act of assembly should be resolved in favor of its validity: Russ v. Commonwealth, 210 Pa. 544; Commonwealth ex rel. v. Benn, 284 Pa. 421.

It is contended that the title to the act does not express the purpose with sufficient definiteness and therefore violates article III, sec. 3, of the Constitution of 1874. We see no merit in this contention. The requirement that the title to the act shall give direct notice of its subject so that the people interested may be put upon inquiry of its provisions and effect is in our opinion satisfied. See Gumpert's Estate, 343 Pa. 405:

". . . all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act."

The title to the act in question reads as follows:

"Requiring all persons claiming damages from any county, city, borough, town, township or school district to file, within six (6) months from the origin of such ciaim, a written notice with such county, city, borough, town, township or school district."

It is also argued that the act itself is vague and indefinite in that the clause "no cause of action" is not

clear. This in our opinion requires no discussion. It is charged the act violates article III, secs. 7 and 21, of the Pennsylvania Constitution, which prohibits local and special laws. The last sentence of section 21 states:

"No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

This is answered in Kelley v. Earle et al., 325 Pa. 337, 352, 355, wherein we find the following:

"While our research discloses no case squarely interpreting this Section as applying solely to private corporations, in the cases of *Commonwealth, to use, v. Philadelphia*, 193 Pa. 236, and *Commonwealth v. Emmers*, 221 Pa. 298, 313, this court intimated that the section is to be so restricted . . . Obviously, from the very nature and purpose of these corporate bodies, created to assist the State in its essential operations, a distinction must be drawn from the larger class of private or quasi public corporations to which, and to which alone, the constitutional provision was clearly meant to apply. See also *Moers v. Reading*, 21 Pa. 188; *Board of Health v. Diamond Mills Paper Co.*, 51 Atl. 1019, 1020 . . .

"In Article III, Section 7, of the Constitution is found a prohibition against 'granting to any corporation, association or individual any special or exclusive privilege or immunity. . . This section of our Constitution was held in *Commonwealth v. Emmers*, supra, not to apply to municipal corporations or agencies of the State."

In Commonwealth v. Emmers, 221 Pa. 298, the Supreme Court approved the opinion of the Superior Court as follows (p. 312):

"The contention that this statute violates that clause of article III, sec. 7, of the constitution of Pennsyl-

vania, which declares that the general assembly shall not pass any local or special law, 'granting to any corporation, association, or individual any special or exclusive privilege or immunity,' cannot be sustained. Municipal corporations do not come within this particular clause of the section, but are within the operation of the clause which relates to them specially and forbids the passing of any local or special law, 'Regulating the affairs of counties, cities, townships, wards, boroughs or school districts.' Municipal and quasi-municipal corporations are the agents of the state, authorized to perform such governmental duties as are by the state delegated, and there must be, from the very nature and purpose of their organization, delegated to them governmental powers such as those of taxation and police, which it would be manifestly improper to delegate to an individual or private corporation. This is clearly recognized by this section of the constitution, which places them in a distinct clause and constitutes them a class by themselves. Legislation which confers upon municipalities, powers and privileges, properly relating to municipal affairs, while denying such powers to individual and private corporations, does not violate that provision of the constitution of the state which the appellant seeks to invoke: Com. v. Vrooman, 164 Pa. 306; Clark's Estate, 195 Pa. 520."

In Barnett v. Borough of Aliquippa et al., supra, the court said (p. 526) :

"If article III, sec. 7, permits distinctions between municipal corporations and private persons and corporations, and between municipal corporations and even quasi-public corporations, we are persuaded that article III, sec. 21, permits the same distinctions. Classifications of municipal corporations, from cities of the first class to townships of the second class, for the very purpose of class legislation, have been approved from every angle. As the Act of 1937 applies to the entire

class of all municipal corporations there can be no doubt as to its constitutionality."

In Dillon, Municipal Corporations, §§1613, 1665, 1687, 1708, 1710, it is said that statutes requiring notice of claims growing out of tort are sustained upon the ground that the liability of the municipality in that class of cases is of statutory origin and that the legislature may properly annex conditions precedent to the right to recover or might take away the right altogether.

We therefore conclude that the Act of July 1, 1937, P. L. 2547, is constitutional and the failure of plaintiff to serve notice upon defendant City of Scranton in accordance with its provisions is fatal.

Now, therefore, April 2, 1943, the questions of law raised in the affidavit of defense filed by defendant City of Scranton are decided in said defendant's favor. Judgment is hereby directed to be entered in favor of defendant City of Scranton and the said City of Scranton is hereby stricken from the record as a party defendant; the action is to proceed against the other defendants without prejudice to plaintiff.