562

E. H. THOMPSON AND NEOMA B. THOMPSON, HUSBAND
AND WIFE, PLAINTIFFS AND APPELLANTS, *v.* THE CITY OF
SHELBY, MONTANA, A MUNICIPAL CORPORATION, DEFEND-
ANT AND RESPONDENT.

No. 9705.
Submitted on Briefs January 27, 1958.
Decided March 20, 1958.
323 Pac. (2d) 33.

D. W. Doyle, Conrad for appellants.

Cedor B. Aronow, Shelby, for respondent.

HONORABLE LESTER H. LOBLE, District Judge, sitting
in place of MR. JUSTICE BOTTOMLY, delivered the Opin-
ion of the Court.

This is an action by the plaintiffs against the defendant,

City of Shelby, its mayor and councilmen. The plaintiffs seek judgment against the defendant in the sum of $8,759 for damages to real and personal property owned by the plaintiffs. It is alleged in the complaint that in October 1947, the defendant negligently, carelessly and wrongfully constructed a storm sewer or trap near what is known as the Shelby Overpass over the Great Northern Railway Company railroad right of way. The complaint states that in the spring of 1953, an unusual amount of rain fell in the vicinity, and that the storm sewer was insufficient in size and capacity to carry away the rain, surface and flood waters, and such water accumulated upon plaintiffs' premises. It is then alleged that damage resulted to plaintiffs' dwelling house and personal property in the sum of $8,759.

The complaint was filed July 15, 1954. Nowhere in the complaint is it alleged that within sixty days of the alleged damage, written notice was given to the city council of Shelby of the time and place where such damages were alleged to have occurred.

The defendant, City of Shelby, in its ninth affirmative defense, alleged the failure of the plaintiffs, to give the sixty-day written notice to the city council of Shelby of the time and place where such damages were alleged to have occurred. The plaintiffs in their reply admit the defendant City of Shelby's ninth affirmative defense, and concede they did not give to the city council the sixty-day written notice mentioned above. In fact, there is no contention by the plaintiffs that they gave any such notice to the City at any time. At the time of trial, the lower court sustained an objection by the City to the introduction of any testimony against the City, and thereafter judgment was entered in favor of the City and against the plaintiffs. This is an appeal from that judgment.

The specifications of error are: That the court erred in sustaining the objection of the City of Shelby to the introduction

of any testimony against the City in said action; and in entering judgment in favor of the City and against the appellants.

Thus the only matter before the court on appeal is, was the failure of the plaintiffs to allege such sixty-day written notice, and plaintiffs' admission in its reply that it did not give the sixty-day notice mentioned above fatal to plaintiffs' action?

Our statute, so far as applicable to the issues raised, is as follows:

"Before any city or town in this state shall be liable for damages to *person and/or property* for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect or obstructions in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat, or public works of any kind in said city or town, it must first be shown * * * the person alleged to have *suffered such injury or damage,* or someone in his behalf, shall give to the city or town council, commission, manager, or other governing body of such city or town, within *sixty days* after *such injury* is alleged to have been received or suffered, *written notice* thereof, which notice shall state the time when and the place where such injury is alleged to have occurred." Emphasis supplied. R.C.M. 1947, section 11-1305.

The action of the trial court must be sustained. We have ▉ heretofore passed on this question. Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, 36 L.R.A. 1136:

"The purpose of the Act is to require that notice of any injury arising from a defective sidewalk, street, etc., shall be given to the city, not alone that the city may have an opportunity to examine the place where the injury occurred, and consult those who may be witnesses, but as well to enable the city to settle the claim and avoid the expense of litigation if investigation discloses a legal liability on its part. For this reason it is not sufficient that the city officers had notice of the defect. It is knowledge of the injury which the statute requires shall be brought to the attention of the city authorities."

38 Am. Jur., Municipal Corporations, section 674, pp. 383, 384:

"Statutory or charter provisions requiring presentation of claims or demands to the governing body of the municipal corporation before an action is instituted are in furtherance of a public policy to prevent needless litigation and to save unnecessary expenses and costs by affording an opportunity amicably to adjust all claims against municipal corporations before suit is brought. The purpose of provisions requiring notice or statement of claim as a condition precedent to instituting a suit for damages against a municipal corporation is to give the municipal authorities prompt notice of the injury and the surrounding circumstances in order that the matter may be investigated while the matter is fresh, the witnesses available, and before conditions have changed materially, and that the liability of the municipality or the extent of liability may be determined. This has a tendency to discourage litigation, since the proper authorities are enabled to determine intelligently whether the corporation is liable, and, if so, to make prompt settlement, and to avoid the costs of suit. On the other hand, if investigation discloses that there is no liability, or that it is desirable to litigate the matter, the municipal corporation can better prepare for the defense of a lawsuit."

The Tonn case, supra, has been cited on the points here involved in: Campbell v. City of Helena, 92 Mont. 366, 385, 16 Pac. (2d) 1; Lynch v. City of Butte, 99 Mont. 287, 292, 43 Pac. (2d) 652; Nagle v. City of Billings, 80 Mont. 278, 279, 260 Pac. 717; Eby v. City of Lewistown, 55 Mont. 113, 122, 173 Pac. 1163; Maynard v. City of Helena, 117 Mont. 402, 160 Pac. (2d) 484; and to the same effect in Berry v. City of Helena, 56 Mont. 122, 182 Pac. 117.

The soundness of the foregoing reasoning is seen from the alleged facts in this case: In October 1947, the construction of the storm sewer; in the spring of 1953, the unusual rainfall, and the alleged injury to plaintiffs' property by reason

of the insufficiency of the storm sewer to carry the rainfall; the filing of the complaint on July 15, 1954. From the spring of 1953, the alleged time of the damage, to July 15, 1954, the time of filing the complaint, is more than one year. During this time the plaintiffs did not give the sixty-day written notice of the claim of the plaintiffs setting forth the time and place of the alleged injury and damage suffered by the plaintiffs as required by R.C.M. 1947, section 11-1305.

The facts alleged do not bring this case within the rule of exception announced in Green v. City of Roundup, 117 Mont. 249, 253, and Maynard v. City of Helena, supra.

The failure of the plaintiffs to give the sixty-day written notice referred to above to the City of Shelby was fatal to their cause of action against the defendant, City of Shelby.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR concur.