ROBERT L. FLOYD AND OPAL FLOYD, HIS WIFE, DR. JOHN
S. FLOYD, ET AL., PLAINTIFFS AND APPELLANTS, *v.* CITY
OF BUTTE, A MUNICIPAL CORPORATION, DEFENDANT AND RE-
SPONDENT.

No. 10972.
Submitted February 9, 1966. Decided March 14, 1966.
Rehearing denied April 25, 1966.
412 P.2d 823.

306

Poore, Poore, McKenzie & Roth, Robert A. Poore (argued), Butte, for appellant.

William N. Geagan, City Atty. (argued), M. F. Hennessey, Asst. City Atty., Butte, for City of Butte.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of dismissal entered on a motion to dismiss an amended complaint.

Plaintiffs, appellants here, owned an apartment building located at the intersection of West Park and Clark Streets in Butte. The defendant City of Butte operates, maintains and repairs an underground public sewage and storm system under Clark Street and bordering the plaintiff's property just east of the east boundary and apartment building wall.

A few months prior to the filing of this action, the plaintiff owners noted that the brick apartment building appeared to be settling and cracking. Upon investigation, it was discovered that the underground lateral and subjacent support for the building on its east side had been and was being sloughed away by seeping, percolating and flowing sewer waters which had escaped and were escaping from the underground storm and sewage sewer. This action was then filed.

The amended complaint states two causes of action. In the first, which is couched in nuisance terms, it is alleged that the sewer is being maintained as a nuisance in that improperly contained sewer waters have been, are and will continue to slough away the foundation and support for plaintiffs' building and has resulted and will continue to result in a settling, cracking and destruction of the building.

In a second cause of action the same facts are alleged and couched in terms of negligence rather than nuisance. Plaintiffs sought abatement of the nuisance by injunctive relief and incidental damages for past harm to the property.

The defendant City appeared by motion to dismiss on two primary grounds:

(a) That plaintiffs failed to plead that the City had actual notice of the defect in the underground public sewage system and reasonable opportunity to repair the defect before the alleged injury or damage to plaintiffs' property; and

(b) That plaintiffs failed to allege written notice of the damage within 60 days after the injury to plaintiffs' property.

The motion was supported by two affidavits, one by the city clerk to the effect that no defect had been reported and the other by the city supervisor of the underground walk-in sewer system that he had no actual notice of any defect in the sewer.

The motion to dismiss was sustained on the ground that the case was governed by R.C.M.1947, § 11-1305, and this Court's opinion in Thompson v. City of Shelby, 136 Mont. 562, 323 P.2d 33; and that *since no notice* (other than the suit itself) *was given of the damage,* the property owners had forfeited any remedy at equity or law for the abatement of the alleged nuisance and for the incidental damages for the settlement, cracking and subsidence of the building.

. A judgment of dismissal was entered and this appeal followed.

The specification of error is set forth as follows:

"The Court erred in holding that a landowner must give notice to the City within 60 days of the commencement of a continuing and progressive and hidden condition of underground percolation and seepage of improperly-contained sewer waters from a sewer wholly maintained by the City or be barred from complaining of the condition and seeking injunctive relief and incidental damages even though the offending condition is continuing and is progressive and constitutes and will continue

to constitute a nuisance and obstruction to the free use of the property."

R.C.M.1947, § 11-1305, provides:

"*Defective highways and public works—notice of claims for injuries.* Before any city or town in this state shall be liable for damages to person and/or property for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect or obstruction in any bridge, street, road, sidewalk, culvert, park, public ground, ferry-boat, or public works of any kind in said city or town, it must first be shown that said city or town had actual notice of such defect or obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received; the city clerk must make a permanent record of all such reported defects and shall report to the city street commissioner immediately upon notice of such defect or obstruction; and the person alleged to have suffered such injury or damage, or someone in his behalf, shall give to the city or town council, commission, manager, or other governing body of such city or town, within sixty days after such injury is alleged to have been received or suffered, written notice thereof, which notice shall state the time when and the place where such injury is alleged to have occurred. Provided, however, that this section shall not exempt cities and towns from liability for negligence because of failure to properly place signs, markers or signals to warn persons of excavations or other obstructions existing and caused by said city or town, upon any bridge, street, alley, road, sidewalk, pavement, culvert, park, public ground, ferry-boat or public works of any kind."

Appellant's position is that the above-quoted statute does not apply to this type of case as pleaded. Respondent's position is that the statute does apply as a "condition precedent" (for want of a better term); and, since its terms were not complied with, the action must be dismissed.

The issues presented by this appeal both deal with section

11-1305. The first is whether the City of Butte had actual notice of the defect. The second is whether the provision of section 11-1305 requiring written notice of injury, within sixty days after the occurrence thereof, applies to a case of this type.

■ Turning to the first issue, we note that the respondent City in its motion to dismiss alleged that the plaintiffs failed to *plead* that the City had actual notice of the defect. The language of section 11-1305 is that "it must first be *shown* that said city or town had actual notice of such defect." This section does not require that actual notice of the defect be *pleaded*. It does require that it be *shown* or proved. In other words it becomes a matter of proof on trial.

■ In order to show that the City had notice of the defect it must be demonstrated that the City had actual notice thereof, or that the City did not have actual notice only because it negligently failed to inspect the sewer system in question. It is our view that where there rests upon the municipality, as there did in this case, a duty of inspection of a sewer system as an instrumentality under its supervision and control, the municipality becomes chargeable with notice of what a reasonable inspection would disclose: (Yearsley v. City of Pocatello, 71 Idaho 347, 231 P.2d 743; Doud v. City of Cincinnati, 152 Ohio St. 132, 87 N.E.2d 243).

The law on this subject is well stated in 38 Am.Jur. Municipal Corporations, § 636, p. 341, note 3, citing City of Portsmouth v. Mitchell Mfg. Co., 113 Ohio St. 250, 148 N.E. 846, 43 A.L.R. 961. It is as follows:

"The duty of a municipality to keep its sewers in repair involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed. Where the obstruction or dilapidation is an ordinary result of the use of the sewer, which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examination and to keep the sewers clear is a neglect of duty which renders the municipality liable."

■ We will not allow the City of Butte to escape a determination of liability on trial on the ground that it did not have notice of what a reasonable inspection of its walk-in sewer system would have disclosed. The plaintiffs must be given the opportunity to prove the City of Butte negligently failed to inspect and maintain its walk-in sewer system.

The remaining issue is whether the provision of section 11-1305, which requires a written notice of injury be given to the City within sixty days after the injury occurs, bars an action for equitable relief against acts constituting an invasion of property rights, and of a continuing and damaging nature.

■■ It should be noted at the outset the common law did not require, as a condition precedent to an action against a municipality for tortious injury to property, that the owner present to the municipal authorities a notice of injury prior to bringing suit thereon. (See Anno. 52 A.L.R. 639). However, the legislature has the power to impose such a requirement, and in this state it has through the enactment of section 11-1305. Our problem, therefore, is one of statutory construction. And since the statute is in derogation of a common-law right it will be strictly construed. (City of San Antonio v. Pfeiffer, (1919) Tex.Civ.App., 216 S.W. 207).

■ This court has previously determined that the written notice required by section 11-1305 does not apply in all cases. (Green v. City of Roundup, 117 Mont. 249, 157 P.2d 1010; Maynard v. City of Helena, 117 Mont. 402, 160 P.2d 484). The purpose of this written notice is to give the city an opportunity to examine the place where the injury occurred, to consult those who may be witnesses and, if possible, to enable the city to settle the claim and avoid the expense of litigation if investigation discloses a legal liability on the part of the city. (Tonn v. City of Helena, 42 Mont. 127, 111 P. 715, 36 L.R.A.,N.S., 1136; Thompson v. City of Shelby, 136 Mont. 562, 323 P.2d 33).

■ The case of Thompson v. City of Shelby, supra, relied upon by the respondent City, does not involve a continuing

trespass or a continuing injury, and is not authority for the set of facts now before us. The context of section 11-1305 makes it clear to this court that only ordinary injuries which are definite in time and place, as occurred in the Thompson case, were contemplated by the legislature. The written notice required by this section must "state the *time when* and the *place where* such injury is alleged to have occurred." A continuing injury is not capable of being captured by a definition of time and place of injury because it is an active, progressive and continuing occurrence. It is taking place at all times. The Court of Appeals of New York in holding that a notice statute, similar to section 11-1305, does not apply to a case of continuing injury stated:

"The argument is, in substance, that this provision is general in its command that all claims for damages based on municipal wrongdoing or neglect must be presented as the statute directs under the penalty of an action being barred by reason of the omission, and that its application must be made as well to the case of such a continuing injury or damage as is now complained of, as to ordinary cases of injuries to the person or to property * * *. This is not our reading of the charter. The context makes it clear that only such ordinary and casual occurrences were in contemplation, for the written statement required must 'state the time, place, cause, nature and extent of the alleged injuries, or damages,' and must be presented 'within three months after the date of the alleged injuries.' Obviously, a claim for damages of the nature plaintiff makes against the defendant, for trespasses continued day by day, could not have been intended by the Legislature, or, otherwise, the language is too inapt to convey such an intention. * * * The short statute of limitations could not have been intended to bar action for equitable relief against acts constituting invasions of property rights, and of a continuing and damaging nature." (Sammons v. City of Gloversville, 175 N.Y. 346, 350, 67 N.E. 622, 623.)

We are in agreement with the New York Court.

The provision of section 11-1305, requiring notice of injury, has no application to a suit in equity for relief from wrongful acts in the nature of trespass, which day by day cause injury to property.

Finally, we should point out that while this action comprehended a recovery for the damages already sustained, the main object of the suit is for equitable relief. The damages sought are purely incidental to the equitable relief prayed for. "A court of equity will take cognizance of an action based upon continued and continuing invasions of property rights, and, gaining jurisdiction, upon the established facts of the case, to restrain their further continuance, and thus, to prevent a multiplicity of suits in successive actions. for the injuries, award, as incidental to its decree, such damages as have occurred * * *." (Sammons v. City of Gloversville, supra, 175 N.Y. at p. 351, 67 N.E. at p. 623.)

The judgment of the district court is reversed and the cause remanded for further proceedings in conformity with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DOYLE and ADAIR concur.